IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LAWRENCE GENE PAGE, ) | |
| #2071847, ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:18-CV-2984-L-BH |
| ) | |
| BILL BACHUS, et al., ) | |
| Defendants. ) | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order No. 3-251*, this case has been automatically referred for findings, conclusions and recommendation. Based on the relevant filings and applicable law, the plaintiff's complaint should be **DISMISSED** with prejudice.

### I. BACKGROUND

On November 6, 2018, Lawrence Gene Page (Plaintiff) sued his former criminal defense attorney, a former Dallas County District Attorney (DA), one of his assistant district attorneys, (ADA), and a state district judge who served as a visiting judge (Judge), based on their roles in his 2001convictions and sentences in Cause Nos. F01-01876 and F01-01877 in Dallas County, Texas, for possession with intent to deliver a controlled substance and assault of a public servant. (*See* doc. 3 at 3-4; doc. 5 at 1.)[1] He is currently on parole. (*See* doc. 5 at 6.) He seeks monetary damages. (*See* doc. 3 at 4.) No process has been issued in this case.

### II. PRELIMINARY SCREENING

As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. *See Martin v.*

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

*Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam).[2] Section 1915A(b) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. SECTION 1983

Plaintiff sues under 42 U.S.C. § 1983. It "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To state a claim under § 1983, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

---

[2] Plaintiff was in custody when he filed his lawsuit. (*See* doc. 3 at 1.) Consequently, he remains subject to the provisions of the Prisoner Litigation Reform Act. *See Gay v. Tex. Dep't of Corr. State Jail Div.*, 117 F.3d 240, 241-42 (5th Cir. 1997).

### A. *Heck v. Humphrey*

Plaintiff's claims appear to be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). It provides that a plaintiff who seeks to recover damages for sn allegedly unconstitutional conviction, imprisonment or other unlawful action that renders a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Id.* at 486-87. Because the issues in this case are appropriate for early and final determination, however, consideration of whether *Heck* bars Plaintiff's claims is not required. *See Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 462 n.6 (5th Cir. 1998) (when an action raises an issue of immunity, the court to the extent it is feasible to do so should determine that issue as early in the proceedings as possible); *Smithback v. Cockrell*, No. 3:01-CV-1658-M, 2002 WL 1268031, at *2 (N.D. Tex. June 3, 2002) (accepting recommendation that "[w]hen a plaintiff seeks relief unavailable under 42 U.S.C. § 1983 or sues individuals or entities who are not proper parties under § 1983, it also seems appropriate to have an early determination of those issues").

### B. Judge

The Supreme Court has recognized absolute immunity for judges acting in the performance of their judicial duties. *See Nixon v. Fitzgerald*, 457 U.S. 731, 745–46 (1982). Judges are immune from suit for damages resulting from any judicial act unless performed in "the clear absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356–357 (1978); *Young v. Biggers*, 938 F.2d 565, 569 n.5 (5th Cir. 1991). Allegations of bad faith or malice do not overcome judicial immunity. *Mireles*, 502 U.S. at 11. The claims against the judge should be dismissed based on judicial immunity. *See Patton*, 136 F.3d at 462 n.6.

### C. Prosecutors

Plaintiff sues the DA and ADA based on their role in his criminal proceedings. The complaint does not specifically state the capacity in which he sues them.

#### 1. *Official Capacity Claims*

To the extent that Plaintiff is suing the DA and ADA in their official capacities, an official capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent. *See Hafer v. Melo*, 502 U.S. 21, 26–27 (1991); *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). When acting in their official prosecutorial capacities, Texas district attorneys and assistant district attorneys are considered agents of the State, which is immune from claims for damages under the Eleventh Amendment. *Neinas v. Texas*, 217 F.3d 275, 280 (5th Cir. 2000); *Esteves v. Brock*, 106 F.3d 674, 678 (5th Cir. 1997); *Quinn v. Roach*, 326 F. App'x 280, 292-293 (5th Cir. May 4, 2009).

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." "This withdrawal of jurisdiction effectively confers an immunity from suit." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Therefore, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). This immunity applies to both federal and state law claims brought in federal court. *See Raj v. La. State Univ.*, 714 F.3d 322, 328–29 (5th Cir. 2013) (determining that sovereign immunity bars both federal and state law claims brought in federal court); *Roberson v. McShan*, No. 05-20055, 2005 WL 2673516, at *1 (5th Cir. Oct. 20, 2005) (per

4

curiam) (finding that Eleventh Amendment immunity divests federal courts of jurisdiction to hear federal and state law claims).

Although Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72–76 (2000), and the State may waive its immunity by consenting to suit, *AT & T Commc'ns v. BellSouth Telecomms. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001), the State has not waived its immunity by consenting to suit, nor has Congress abrogated the Eleventh Amendment immunity by enacting 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Hines v. Miss. Dep't of Corr.*, No. 00-60143, 2000 WL 1741624, at *3 (5th Cir. Nov. 14, 2000) (per curiam). Additionally, "Congress did not abrogate Eleventh Amendment immunity by granting federal courts supplemental jurisdiction over state law claims in 28 U.S.C. § 1367(a). *Roberson*, 2005 WL 2673516, at *1 (citing *Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 541–42 (2002)).

Any official capacity claims against the DA and ADA are based on actions that they took in their capacity as agents of the State of Texas, so any official capacity claims against them under § 1983 is subject to dismissal based on Eleventh Amendment immunity.

### 2.  *Individual Capacity Claims*

To the extent that Plaintiff sues the DA and ADA in their individual capacities, prosecutors enjoy absolute immunity to initiate and pursue criminal prosecutions. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Prosecutors are entitled to absolute immunity for acts taken to initiate prosecution, even against allegations that they acted "maliciously, wantonly, or negligently." *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987) (citing *Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985)); *Thomas v. State*, 294 F.Supp.3d 576, 605 (N.D. Tex. 2018). The Supreme

5

Court has recognized that a prosecutor has only qualified immunity with respect to his or her administrative and investigative duties. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993).

Plaintiff has not alleged that the DA and ADA acted other than in their adjudicative role as prosecutors. Because all of the acts of which Plaintiff complains were taken during the course and scope of their duties as prosecutors, they are entitled to prosecutorial immunity for any claims against them in their individual capacities. *See Imbler*, 424 U.S. at 423.

In conclusion, any § 1983 claims against the DA and ADA in either their official or individual capacities should be dismissed based on immunity. *See Patton*, 136 F.3d at 462 n.6.

**D.    Defense Attorney**

With regard to Plaintiff's claims against the defense attorney who represented him in the state criminal proceeding, it is well-established that an attorney does not act under color of state law in representing a defendant at trial or on direct appeal. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding); *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"). A private party may be acting "under color of state law" and be held liable under § 1983 in certain circumstances, however. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989).

Plaintiff has not alleged that his attorney was acting as a state actor. He has failed to state a viable, non-frivolous § 1983 claim, and the claims against his attorney should be dismissed with prejudice. *See Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 462 n.6 (5th Cir. 1998) (when

6

an action raises an issue of immunity, the court to the extent it is feasible to do so should determine that issue as early in the proceedings as possible); *Smithback v. Cockrell*, No. 3:01-CV-1658-M, 2002 WL 1268031, at *2 (N.D. Tex. June 3, 2002) (accepting recommendation that "[w]hen a plaintiff seeks relief unavailable under 42 U.S.C. § 1983 or sues individuals or entities who are not proper parties under § 1983, it also seems appropriate to have an early determination of those issues").

## IV.  RECOMMENDATION

The Court should **DISMISS** with prejudice the claims against the defendants under 28 U.S.C. § 1915A(b).  This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[3]

**SIGNED this 14th day of January, 2019.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE