# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **LAWRENCE GENE PAGE,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:18-CV-02984-L-BH** |
| § | |
| **BILL BACHUS, et al.,** § | |
| § | |
| Defendants. § | |

## ORDER

Before the court is Plaintiff Lawrence Gene Page's ("Plaintiff") Complaint (Doc. 3), filed November 6, 2018, while Plaintiff was imprisoned at the Joe Kegans Intermediate Sanctions Facility in Houston, Texas. On November 13, 2018, United States Magistrate Judge Irma Carrillo Ramirez ("Judge Ramirez") filed a Notice of Deficiency and Order (Doc. 6), advising Plaintiff that he submitted an incomplete Application to Proceed In Forma Pauperis and directed him to submit certain documents within thirty days of the order. On December 13, 2018, Judge Ramirez sent another Notice of Deficiency and Order, which stated that Plaintiff had failed to comply with the prior order and directed him to submit a certificate of inmate trust account signed by an authorized officer within thirty days of the date of the order. On December 27, 2018, Plaintiff informed the court that he had been released from prison and provided the court with his new mailing address. On January 8, 2019, Plaintiff paid the full filing fee, and, accordingly, Judge Ramirez entered an order (Doc. 15) stating that his Application to Proceed In Forma Pauperis was deemed moot. Judge Ramirez advised Plaintiff that his complaint would be subject to judicial screening. Doc. 15 at 1.

**Order – Page 1**

On January 14, 2019, after conducting a preliminary screening pursuant to 28 U.S.C. § 1915A, Judge Ramirez entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report"), recommending that the court dismiss with prejudice Plaintiff's § 1983[*] claim for failure to state a claim upon which relief may be granted. On February 1, 2019, Defendant filed Objections to the Report (Doc. 18) and subsequently filed an Attachment to the Objections (Doc. 19). Defendant's Objections, however, do not cure the deficiencies raised by the magistrate judge in the Report, and instead merely recite the factual bases for his claim and fail to cite any legal authority that addresses the Report's conclusions, particularly with respect to the discussion of judicial immunity, prosecutorial immunity, and failure to allege that Plaintiff's attorney acted as a state actor for purposes of establishing a § 1983 claim.

Having reviewed the record, Report, Objections, and applicable law, and having conducted a *de novo* review of those matters to which Plaintiff objected, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **dismisses with prejudice** this action for failure to state a claim upon which relief may be granted.

**It is so ordered** this 12th day of June, 2019.

Sam A. Lindsay
United States District Judge

---

[*] 42 U.S.C. § 1983. Defendant alleges a claim against his former criminal defense attorney, a former Dallas County District Attorney and assistant district attorney, and a state district judge who served as a visiting judge, based on their respective roles in Defendant's convictions and sentences in Cause Nos. F01-01876 and F01-01877 in Dallas County, Texas. Report, Doc. 17 at 1 (citing Doc. 3 at 3-4 and Doc. 5 at 1).

**Order – Page 2**