IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LAWRENCE GENE PAGE, ) | |
| #2071847, ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:18-CV-2984-L-BH |
| ) | |
| BILL BACHUS, et al., ) | |
| Defendants. ) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court are *Plaintiff's Amended Motion to Set Aside Judgement*, received on February 3, 2020 (doc. 31), *Motion to Withdraw Fourth Warrant Issued for his Arrest by Texas Parole Division*, filed March 17, 2020 (doc. 34), and *Motion for Accountability to End Judicial of Black Americans*, filed June 18, 2020 (doc. 35). Based on the relevant filings and applicable law, the motions should be **DENIED**.

### I. BACKGROUND

On November 6, 2018, Lawrence Gene Page (Plaintiff), an inmate in the Texas Department of Criminal Justice, sued his former criminal defense attorney (Attorney), a former Dallas County District Attorney (DA), an assistant district attorney, (ADA), and a state district judge who served as a visiting judge (Judge), based on their roles in his 2001 convictions and sentences in Cause Nos. F01-01876 and F01-01877 in Dallas County, Texas, for possession with intent to deliver a controlled substance and assault of a public servant. (*See* doc. 3 at 3-4; doc. 5 at 1.)[2] On January 14, 2019, it was recommended that Plaintiff's claims be dismissed for failure to state a claim because his claims against Judge were barred by judicial immunity, any official capacity claims against the DA and

---

[1] By *Special Order No. 3-251*, this case has been automatically referred for judicial screening.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

ADA were barred by Eleventh Amendment immunity, any individual claims against them were barred by qualified immunity, and his claims against Attorney were barred because he was not a state actor. (*See* doc. 17.) The recommendation was accepted, and Plaintiff's claims were dismissed for failure to state a claim by judgment entered on June 12, 2019. (*See* docs. 20, 21.)

Plaintiff now seeks to set aside the judgment on grounds that the defendants "acted in concert against him" and "knowingly and intentionally" violated his constitutional rights "by blocking exculpatory evidence." (*See* doc. 31 at 1-2.) He also seeks "a divine restraining order against the Texas Board of Pardons and Parole to lift [an arrest] warrant against him" issued as result of alleged violations of his conditions of parole. (*See* doc. 34 at 2-3, 5.) His third motion seeks "a ruling based on judicial fairness rather than judicial oppression Black American's [sic] ha[ve] had to endure." (*See* doc. 35 at 1-2.)

## II.  RULE 60(b)

Plaintiff's motion to set aside the judgment may be liberally construed as seeking relief under Federal Rule of Civil Procedure 60(b). *See Smith v. Texas Dep't of Criminal Justice, Institutional Div.* 79 F. App'x 61, 62 (5th Cir. 2003) (citing *Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998)).

Rule 60(b) provides that upon such a motion, a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is

no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. Proc. 60(b)(1)-(6).

Plaintiff's motion does not allege mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud, misrepresentation, or misconduct by an opposing party; a void judgment; the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable. It may therefore be construed as arising under the "catch-all" clause of Rule 60(b)(6). *See Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002); *Halicki*, 151 F.3d at 470.

Rule 60(b)(6) is "a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F. 2d 599, 604-05 (5th Cir. 1986)). This clause is "mutually exclusive" with the rule's other clauses, and motions under it "will be granted only if extraordinary circumstances are present." *Hess*, 281 F.3d at 216. In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth several considerations for evaluating a motion under Rule 60(b)(6): (1) that final judgments should not lightly be disturbed; (2) that a Rule 60(b) motion should not be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; (5) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; (6) whether there are intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack. *Id.* at 402.

Here, Plaintiff's motion merely reurges his claims that the defendants violated his

3

constitutional rights during his prosecution, which were denied on the merits. (*See* doc. 31 at 1-2.) His conclusory statement that the defendants acted in concert is insufficient to plausibly allege state action. *Thomas v. State*, 294 F.Supp.3d 576, 611 (N.D. Tex. 2018) (citing *Priester v. Lowndes Cty.*, 354 F.3d 414 (5th Cir. 2004), *cert. denied*, 543 U.S. 829 (2004). Nor is it sufficient to overcome their entitlement to immunity. *See id.* at 600-01, 604-05. Plaintiff has not alleged extraordinary circumstances such that denial of his motion would constitute an abuse of discretion. *See Priester v. JP Morgan Chase Bank, N.A.*, 927 F.3d 912, 913 (5th Cir. 2019) (noting standard of review for denial of Rule 60(b) motions) (citing *Hall v. Lousisiana*, 884 F.3d 546, 549 (5th Cir. 2018). Granting his motion would also not be consistent with the considerations listed in *Seven Elves*. Plaintiff's motions to set aside the judgment and for a fair ruling in his favor should both be denied.

### III.  RESTRAINING ORDER

Plaintiff also expressly seeks the post-judgment issuance of a "restraining order" against a non-party, the Texas Board of Pardons and Parole, and he requests that it be ordered to lift an arrest warrant issued for him as a result of alleged parole violations.

A party may obtain a temporary restraining order (TRO) without notice to the other side if it satisfies the necessary requirements, which are:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). The party seeking a TRO has the burden to show entitlement to it. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). It must also show entitlement to a preliminary injunction. *Mktg. Investors Corp. v. New Millennium Bank*, No. 3:11-CV-1696-D, 2011 WL

4

3157214, at *1 (N.D. Tex. July 26, 2011) (citations omitted). To obtain a preliminary injunction, the party must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Tex. Midstream Gas Servs., LLC. v. City of Grand Prairie*, 608 F.3d 200, 206 (5th Cir. 2010) (citation omitted). The party seeking the preliminary injunction bears the burden of persuasion on *all* four requirements. *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 253 (5th Cir. 2009) (emphasis added).

Here, Plaintiff has not alleged any facts to support any of the requirements for a TRO or a preliminary injunction. He has not shown that injunctive relief against a non-party based on events that happened post-judgment and are unrelated to those alleged in his lawsuit are appropriate. *See Coe v. Ditech Financial LLC*, No. 3:18-CV-1761-L, 2018 WL 4963289, *5 (N.D. Tex. Aug. 24, 2018)(Lindsay, J.)(denying motion for TRO against non-party). Moreover, the relief he seeks is in the nature of mandamus, but federal courts lack jurisdiction to issue writs of mandamus to direct state actors or agencies in the performance of their duties. *See Ochoa v. Collier,* 802 F. App'x 101, 105 (5th Cir. 2020) (citing *Moye v. Clerk, Dekalb County Sup. Ct.*, 474 F.2d 1275, 1275-76 (5th Cir. 1973)). Plaintiff has not shown that he entitled to the relief he seeks.

## IV.  RECOMMENDATION

Plaintiff's motions should be **DENIED**.

**SIGNED this 13th day of July, 2020.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE