IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LAWRENCE GENE PAGE,<br>    #2071847,<br>        Plaintiff,<br>vs.<br><br>BILL BACHUS, et al.,<br>        Defendants. | )<br>)<br>)<br>) No. 3:18-CV-2984-L-BH<br>)<br>)<br>) Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court are *Plaintiff's Pleading Motion to District Court to Residue the Issues in Plaintiff Motion to Set Aside Judgement*, received on December 18, 2020 (doc. 40), and *The Plaintiff's Claim*, filed January 7, 2021 (doc. 42). Based on the relevant filings and applicable law, the filings should be liberally construed as seeking relief from judgment under Fed. R. Civ. P. 60(b) and **DENIED**.

### I. BACKGROUND

On November 6, 2018, Lawrence Gene Page (Plaintiff), an inmate in the Texas Department of Criminal Justice, sued his former criminal defense attorney (Attorney), a former Dallas County District Attorney (DA), an assistant district attorney, (ADA), and a state district judge who served as a visiting judge (Judge), based on their roles in his 2001 convictions and sentences in Cause Nos. F01-01876 and F01-01877 in Dallas County, Texas, for possession with intent to deliver a controlled substance and assault of a public servant. (*See* doc. 3 at 3-4; doc. 5 at 1.)[2] On January 14, 2019, it was recommended that Plaintiff's claims be dismissed for failure to state a claim because his claims against Judge were barred by judicial immunity, any official capacity claims against the DA and

---

[1] By *Special Order No. 3-251*, this case has been automatically referred for judicial screening.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

ADA were barred by Eleventh Amendment immunity, any individual claims against them were barred by qualified immunity, and his claims against Attorney were barred because he was not a state actor. (*See* doc. 17.) The recommendation was accepted, and Plaintiff's claims were dismissed for failure to state a claim by judgment entered on June 12, 2019. (*See* docs. 20, 21.)

Plaintiff subsequently sought to set aside the judgment on grounds that the defendants "acted in concert against him" and "knowingly and intentionally" violated his constitutional rights "by blocking exculpatory evidence." (*See* doc. 31 at 1-2.) He also sought "a divine restraining order against the Texas Board of Pardons and Parole to lift [an arrest] warrant against him" issued as result of alleged violations of his conditions of parole. (*See* doc. 34 at 2-3, 5.) Finally, he sought "a ruling based on judicial fairness rather than judicial oppression Black American's [sic] ha[ve] had to endure." (*See* doc. 35 at 1-2.) His motions were liberally construed as seeking relief under Federal Rule of Civil Procedure 60(b) and denied over his objections. (*See* docs. 36-39.)

Plaintiff now asks the Court to "rule on his claim of innocence claim" and "set aside its judgment for failure to state a claim." (*See* doc. 40 at 1-2.) He seeks to have it "vacate his conviction and issue a written order to T.D.C.J. to release [him] from prison sentence and assess monetary damages." (*Id.* at 2.) He also claims that "the trial court lacked jurisdiction to lawfully detain him" because he was tried by a visiting judge. (*See* doc. 42 at 1.) He alleges "judicial oppression of Afro-Americans under Defendant Bill Hill." (*Id.* at 4.)

## II.  RULE 60(b)

Plaintiff's filings may be liberally construed as again seeking relief under Rule 60(b). *See Smith v. Texas Dep't of Criminal Justice, Institutional Div.* 79 F. App'x 61, 62 (5th Cir. 2003) (citing *Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998)).

Rule 60(b) provides that upon such a motion, a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief.  Fed. R. Civ. Proc. 60(b)(1)-(6).

As with his prior Rule 60(b) motions, Plaintiff's filings do not allege mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud, misrepresentation, or misconduct by an opposing party; a void judgment; the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable.  They may therefore be construed as arising under the "catch-all" clause of Rule 60(b)(6).  *See Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002); *Halicki*, 151 F.3d at 470.

Rule 60(b)(6) is "a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F. 2d 599, 604-05 (5th Cir. 1986)).  This clause is "mutually exclusive" with the rule's other clauses, and motions under it "will be granted only if extraordinary circumstances are present." *Hess*, 281 F.3d at 216.  In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth several considerations for evaluating a motion under Rule 60(b)(6): (1) that final judgments should not lightly be disturbed; (2) that a Rule 60(b) motion should not be used as a substitute for appeal;

3

(3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; (5) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; (6) whether there are intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack. *Id.* at 402.

Here, Plaintiff's filings again reurge his claims and the arguments he made in his prior Rule 60(b) motions, which have been found to lack merit. He again complains about the visiting Judge who presided over his criminal trial and alleges judicial oppression based on his race. He professes his innocence, alleges he is wrongfully incarcerated, and again seeks release from custody, which is an inappropriate remedy in a § 1983 action. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974). A plaintiff cannot challenge the fact or duration of confinement in a § 1983 action. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)). He may only do so within the exclusive scope of habeas corpus. *See Preiser*, 411 U.S. at 487.

Plaintiff has not alleged extraordinary circumstances such that denial of his motions would constitute an abuse of discretion. *See Priester v. JP Morgan Chase Bank, N.A.*, 927 F.3d 912, 913 (5th Cir. 2019) (noting standard of review for denial of Rule 60(b) motions) (citing *Hall v. Lousisiana*, 884 F.3d 546, 549 (5th Cir. 2018). Granting his motions would also not be consistent with the considerations listed in *Seven Elves*.

### III.  RECOMMENDATION

Plaintiff's filings should be liberally construed as seeking relief from judgment under Rule 60(b) and **DENIED**.

4

**SIGNED** this 9th day of April, 2021.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE